Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 JUL -1 AM 9: 01

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM ) | CRIMINAL CASE NO. CF0458-08 |
| ) | |
| vs. ) | |
| ) | |
| ANDREW PHILIP MANIBUSAN, ) | DECISION AND ORDER |
| ) | |
| Defendant. ) | |
| ) | |

This matter came before the Honorable Alberto C. Lamorena III on April 7, 2009 on Defendant's Motion for Diversion. Attorney Kimberli Raines appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Steven Hattori. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On October 7, 2008, the Defendant was arrested and subsequently charged with the offenses of Family Violence as a Misdemeanor and Terrorizing as a Third Degree Felony. It is alleged that the Defendant made serious threats of bodily injury to the victim, putting her in reasonable fear that the crime would be committed.

## DISCUSSION

Though Defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People object to Defendant's motion pursuant to Title 9 G.C.A. §30.80(d), arguing that

-1-

Defendant's conduct not only put the victim in fear of her life, but that is was committed in front of their daughter, who was five years old at the time of the incident. Defendant argues that no bodily injury was inflicted upon the victim, and that the victim supports the Defendant's motion.

The Court has the discretion, under Title 9 G.C.A. §30.80(e), to consider an application for the diversion process from the Defendant. Under §30.80.1(a), the Court considers the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the Defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion process.

As Defendant points out, there are no physical injuries in this matter. The charges brought by the People are for alleged threats. There are no prior reported incidents of family violence by the Defendant, although he has pled guilty to assault in a previous matter. Though the fact that Defendant may have violated the terms of his probation in that matter adversely influences the likelihood that he will successfully complete the diversion process, the Court believes that the rigid structure of the diversion process, combined with treatment and education programs, screening for any addictions to substances, and a review of the mental health of the Defendant will go further towards rehabilitation and family reunification than proceeding with the prosecution at this time, given the support of the victim and lack of physical harm.

## CONCLUSION

Based on the above, Defendant's Motion for Diversion is hereby GRANTED. A trial setting will be held on July 7, 2009.

**IT IS SO ORDERED** this 1st day of July, 2009.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

JUL 01 2009

Domingo M. Nego

**Alberto C. Lamorena III**
Presiding Judge
Superior Court of Guam

-2-